**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

BARBARA WALLER, ELIZABETH JOHNSON, and RANDEL CLARK, on behalf of themselves and all others similarly situated,

*Plaintiffs*

v.

ROCKET COMPANIES, INC., et al.,

*Defendants*

---

No. 2:26-cv-10270-LVP-DRG

Hon. Linda V. Parker
District Judge

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
**<u>COMPLAINT AND STRIKE CERTAIN PARAGRAPHS</u>**

## **TABLE OF CONTENTS**

I.     PLAINTIFFS LACK ARTICLE III STANDING. ..............................1

II.    PLAINTIFFS FAIL TO STATE A RESPA CLAIM............................2

III.   PLAINTIFFS FAIL TO STATE AN UNJUST ENRICHMENT
       CLAIM. ......................................................................................9

IV.    THE COMPLAINT STILL SUFFERS OTHER DEFECTS. ..............9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alston v. Countrywide Fin. Corp.*,
   585 F.3d 753 (3d Cir. 2009) ......................................................................6

*In re Apple Processor Litig.*,
   2019 WL 3533876 (N.D. Cal. Aug. 2, 2019) ...........................................2

*In re Auto. Parts Antitrust Litig.*,
   2015 WL 13722902 (E.D. Mich. Aug. 31, 2015) ......................................2

*Ball v. Fed. Nat'l Mortg. Ass'n*,
   2016 WL 4702585 (E.D. Mich. Sept. 8, 2016) .........................................4

*Blake v. JPMorgan Chase Bank, N.A.*,
   259 F. Supp. 3d 249 (E.D. Pa. 2017)........................................................3

*Bueno v. Scott*,
   2014 WL 1513000 (S.D. Ohio Apr. 16, 2014) ..........................................2

*Carter v. Welles-Bowen Realty, Inc.*,
   736 F.3d 722 (6th Cir. 2013) ....................................................................5

*CFPB v. Borders & Borders, PLC*,
   2018 WL 1440606 (W.D. Ky. Mar. 22, 2018) ..........................................8

*Chism v. Chemring N. Am. Grp., Inc.*,
   2015 WL 8207899 (W.D. Tenn. Dec. 7, 2015) .......................................10

*Edwards v. First Am. Corp.*,
   798 F.3d 1172 (9th Cir. 2015) ..................................................................7

*Egerer v. Woodland Realty, Inc.*,
   556 F.3d 415 (6th Cir. 2009) ................................................................2, 3

*Gomez v. Wells Fargo Bank, N.A.*,
   676 F.3d 655 (8th Cir. 2012) ....................................................................8

*Kallai v. Jatola Homes, LLC*,
   2021 WL 5961626 (N.D. Ohio Dec. 16, 2021) .........................................7

*Loper Bright Enters. v. Raimondo*,
    603 U.S. 369 (2024)..................................................................................................7

*McPherson v. Kelsey*,
    125 F.3d 989 (6th Cir. 1997) ...................................................................................6

*Menichino v. Citibank, N.A.*,
    2017 WL 2455166 (W.D. Pa. June 6, 2017) ...........................................................3

*Mullen v. Bank of Am.*,
    2011 WL 6961005 (E.D. Mich. Nov. 7, 2011)........................................................3

*Palombaro v. Emery Fed. Credit Union*,
    2017 WL 3437559 (S.D. Ohio Aug. 10, 2017) ...................................................6, 7

*In re Polyurethane Foam Antitrust Litig.*,
    799 F. Supp. 2d 777 (N.D. Ohio 2011) ...................................................................2

*Soehnlen v. Fleet Owners Ins. Fund*,
    844 F.3d 576 (6th Cir. 2016) ...................................................................................2

*Thorne v. Pep Boys - Manny, Moe & Jack Inc.*,
    397 F. Supp. 3d 657 (E.D. Pa. 2019).......................................................................2

*United States v. Mead Corp.*,
    533 U.S. 218 (2001)...............................................................................................3, 4

*White v. PNC Fin. Servs. Grp., Inc.*,
    2014 WL 4063344 (E.D. Pa. Aug. 18, 2014) ..........................................................6

*In re Zillow Grp., Inc. Sec. Litig.*,
    2019 WL 1755293 (W.D. Wash. Apr. 19, 2019) ....................................................5

**Statutes**

12 U.S.C. § 2607 ............................................................................................................5

12 U.S.C. § 2617 ............................................................................................................7

**Other Authorities**

12 C.F.R. § 1024.14 .......................................................................................................5

Plaintiffs' Opposition fails to overcome Defendants' arguments for dismissal. First, Plaintiffs lack standing because they do not allege any individualized injury to the named plaintiffs and instead rely only on generalized allegations about other consumers. Next, Plaintiffs' RESPA claims are time-barred, and their efforts to invoke the continuing violation doctrine and tolling are both foreclosed by binding Sixth Circuit precedent and unsupported by facts. On the merits, Plaintiffs cannot overcome the cooperative brokerage safe harbor, which shields the only agreements actually alleged here—agreements between real estate brokers. The remaining RESPA theories also fail: the "preserve and protect" policy does not constitute a "referral" under Regulation X and no "thing of value" is exchanged, and the "reciprocal referral" theory lacks the specificity and bilateral agreement that RESPA requires. Plaintiffs' unjust enrichment claim is precluded by the mortgage contracts that Plaintiffs themselves allege. Finally, Plaintiffs continue to lump the remaining Defendants together, pursue unsupported claims against Rocket Companies, and make irrelevant Redfin allegations. The Court should dismiss the Complaint.

## I.     PLAINTIFFS LACK ARTICLE III STANDING.

Plaintiffs argue that they adequately alleged *individual* injury to the named plaintiffs through CFPB allegations that consumers who participated in the referral network *generally* paid more for mortgages. ECF No. 20, PageID.694-95. Plaintiffs cite no authority for this argument. *Id.* And Plaintiffs' attempts to distinguish the

cases Defendants cited are based on mischaracterizations. The courts in *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 582 (6th Cir. 2016), *In re Apple Processor Litig.*, 2019 WL 3533876, at *6 (N.D. Cal. Aug. 2, 2019), and *Thorne v. Pep Boys - Manny, Moe & Jack Inc.*, 397 F. Supp. 3d 657, 667-68 (E.D. Pa. 2019) all declined to find standing where plaintiffs made only general allegations of injury to a putative class and failed to connect those allegations to each named plaintiff. The same deficiency exists here, and the same result is warranted.

Plaintiffs also contend the CFPB's withdrawn allegations are sufficient to allege standing. ECF No. 20, PageID.695. But Plaintiffs' cited cases are distinguishable because each relies on admissions of liability by defendants or credible allegations of harm by plaintiffs themselves. *In re Auto. Parts Antitrust Litig.*, 2015 WL 13722902, at *4 (E.D. Mich. Aug. 31, 2015) (relied on guilty pleas); *In re Polyurethane Foam Antitrust Litig.*, 799 F. Supp. 2d 777, 782 (N.D. Ohio 2011) (relied on defendants' admissions); *Bueno v. Scott*, 2014 WL 1513000, at *6 & n.2 (S.D. Ohio Apr. 16, 2014) (credited plaintiff's allegations instead of a government report).

## II.   PLAINTIFFS FAIL TO STATE A RESPA CLAIM.

***The RESPA Claims Are Time-Barred.*** Plaintiffs' statute of limitations arguments both fail to overcome the time bar. First, the continuing violation doctrine cannot be squared with *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415 (6th Cir. 2009) because *Egerer* holds that a RESPA Section 8(a) claim accrues on the

mortgage closing date, 556 F.3d at 421 n.7, not on the date of each mortgage payment.[1] Plaintiffs say that Defendants "neglect[] to explain why the CFBP's [sic] interpretation of [RESPA] . . . was incorrect." ECF No. 20, PageID.697. But Defendants explained just that: this view is inconsistent with RESPA's statutory language, inconsistent with the Sixth Circuit's holding in *Egerer*, inconsistent with the overall weight of federal authority, lacks supporting appellate authority, and runs afoul of the purpose of RESPA's statute of limitations. ECF No. 14, PageID.615 (citing *Menichino v. Citibank, N.A.*, 2017 WL 2455166, at *2-7 & n.12 (W.D. Pa. June 6, 2017) (analyzing these issues and collecting cases)). Applying the continuing violation doctrine also makes no sense here when the violations alleged—illegal referral payments—were made once, no later than the closing date. For this reason too, *Blake v. JPMorgan Chase Bank, N.A.*, 259 F. Supp. 3d 249 (E.D. Pa. 2017) and the CFPB decision on which it relies, which addressed RESPA theories based on repeated payments of alleged sham reinsurance fees, are distinguishable. Plaintiffs have no response to these arguments. Instead, Plaintiffs cite *United States v. Mead Corp.*, 533

---

[1] Plaintiffs claim *Egerer* "was not 'holding' anything," ECF No. 20, PageID.697, but the Sixth Circuit agreed that, absent an exception, the RESPA claim was untimely because it was filed "more than twenty-seven months after the sale of [the plaintiffs'] home," 556 F.3d at 421 n.7. That *is* a holding that a RESPA Section 8(a) claim accrues at closing. *See, e.g.*, *Mullen v. Bank of Am.*, 2011 WL 6961005, at *3 (E.D. Mich. Nov. 7, 2011) (citing *Egerer* for proposition that statute begins running at closing), *report and recommendation adopted*, 2012 WL 32917 (E.D. Mich. Jan. 6, 2012).

U.S. 218, 234 (2001) to argue that the CFPB's interpretation should be given defer-ence because of its "specialized experience." ECF No. 20, PageID.697. But *Mead* provides only that a court "may" afford "some" deference to an agency's interpreta-tion if persuasive. *Id.* The CFPB's unpersuasive interpretation should be rejected.

Plaintiffs next argue that the statute of limitations should be equitably tolled, asserting that they have pled fraudulent concealment by alleging that Defendants did not disclose their practices to potential buyers. ECF No. 20, PageID.697-98; *see* ECF No. 1, PageID.33-34 ¶ 62. They cite no legal authority for this proposition, and courts routinely find a bare failure to disclose insufficient. *See, e.g., Ball v. Fed. Nat'l Mortg. Ass'n*, 2016 WL 4702585, at \*6 (E.D. Mich. Sept. 8, 2016) (allegations of failure to disclose, rather than affirmative acts of concealment, are inadequate). Plaintiffs further argue that the CFPB's abandonment of its lawsuit negates any no-tice provided by the CFPB's complaint. ECF No. 20, PageID.698. This argument is undermined by the Complaint's extensive reliance on the CFPB complaint. ECF No. 1, PageID.12-15, PageID.19-23, PageID.27-28. Nor do Plaintiffs respond to Defend-ants' argument that they were also put on notice by a March 13, 2024 blog post they cited in the Complaint. *See* ECF No. 14, PageID.616.

***The Cooperative Brokerage Safe Harbor Applies.*** Plaintiffs argue that the cooperative brokerage safe harbor does not apply to payments between mortgage lenders and real estate agents and that the safe harbor is inapplicable here because

they have alleged Rocket Mortgage benefited from the alleged steering scheme. ECF No. 20, PageID.704-06. Plaintiffs' argument muddles their own complaint, which alleges that (1) *Rocket Homes* and *third-party brokers* agreed to "preserve and protect" preexisting mortgagor relationships (ECF No. 1, PageID.16 ¶¶ 25-26, PageID.20-22 ¶¶ 35-40); and (2) *Rocket Homes* and *third-party brokers* agreed to exchange brokers' referrals to Rocket Mortgage for brokers' opportunity to receive referrals from Rocket Homes (ECF No. 1, PageID.6-7 ¶¶ 5, 7, PageID.20 ¶ 35).

Plaintiffs cite no authority for the notion that Rocket Mortgage is considered a party to the agreements simply because it was a beneficiary. Nor does the plain language of the safe harbor support Plaintiffs' position. Section 8(c)(3) broadly provides that "[n]othing in this section shall be construed as prohibiting . . . payments . . . between real estate agents and brokers." 12 U.S.C. § 2607(c)(3). There is no carve-out for arrangements that benefit a mortgage lender, and this Court may not create one. *Carter v. Welles-Bowen Realty, Inc.*, 736 F.3d 722, 728-29 (6th Cir. 2013) (safe harbor must be applied as written).

The authority Plaintiffs cite does not support their argument. ECF No. 20, PageID.704-05. First, while 12 C.F.R. § 1024.14(g)(1)(v) excludes fee arrangements between real estate brokers and mortgage brokers from the safe harbor, as Defendants already argued, Plaintiffs do not allege any fee arrangements between real estate brokers and mortgage brokers. Second, both *In re Zillow Grp., Inc. Sec. Litig.*, 2019

WL 1755293, at *3 (W.D. Wash. Apr. 19, 2019) and *Palombaro v. Emery Fed. Credit Union*, 2017 WL 3437559, at *13 (S.D. Ohio Aug. 10, 2017) address the bona fide services safe harbor, not the cooperative brokerage safe harbor.

Plaintiffs also argue that, at minimum, their allegations raise a fact question. ECF No. 20, PageID.706. Again, Plaintiffs' cases are not on point: both concern the fact-bound question of whether defendants' services were a sham under the bona fide services exception. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 761 n.9 (3d Cir. 2009); *White v. PNC Fin. Servs. Grp., Inc.*, 2014 WL 4063344, at *8 (E.D. Pa. Aug. 18, 2014). No such factual question is presented here where the alleged agreements are between two real-estate brokers.

***The Preserve and Protect Theory Fails.***[2] Plaintiffs argue they have satisfied the "referral" requirement by repeating their allegations that the "preserve and protect" policy forced agents to "steer," "push," or "persuade" clients to use Rocket Mortgage. ECF No. 20, PageID.703. But this characterization is inconsistent with the language of the actual policy, which requires only that agents avoid interfering

---

[2] Plaintiffs imply in their introduction that theirs is a RESPA Section 8(b) claim for improper fee splitting, and say that Defendants did not oppose these allegations. ECF No. 20, PageID.685. But (1) the Complaint does not include a Section 8(b) claim (*see* ECF No. 1, PageID.34), (2) Defendants responded to any stray fee-splitting allegations (ECF No. 14, PageID.617-18, PageID.625), and (3) Plaintiffs' failure to develop this argument waives it. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (cleaned up)).

with a client's preexisting lender relationship. ECF No. 1, PageID.16 ¶¶ 25-26. Nor do Plaintiffs respond to any of Defendants' legal arguments that the Complaint fails to allege any action having the effect of affirmatively influencing the selection of a mortgage lender as required. ECF No. 14, PageID.621-22.[3]

Plaintiffs correctly observe that the CFPB's current Regulation X provides that "thing of value" includes the "opportunity to participate in a money-making program." ECF No. 20, PageID.699. While RESPA grants the CFPB certain authority to issue regulations, *see* 12 U.S.C. § 2617(a), the agency is still required to engage in reasoned decision-making, *see Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395 (2024). For the reasons set forth in Defendants' opening brief, Regulation X's expansion of "thing of value" beyond the original regulation issued with RESPA's enactment is not a reasonable interpretation. ECF No. 14, PageID.624-25.

Further, Plaintiffs cite three cases to attempt to show that a referral opportunity can be a "thing of value," but in each case the "thing of value" was actually a monetary payment, not a referral opportunity. *Edwards v. First Am. Corp.*, 798 F.3d 1172, 1181-84 (9th Cir. 2015) (monetary payment); *Palombaro*, 2017 WL 3437559, at *12 (monetary payment); *Kallai v. Jatola Homes, LLC*, 2021 WL 5961626, at *9

---

[3] Plaintiffs contend that Defendants misconstrued their allegations to be limited to the "preserve and protect" policy, arguing that they also alleged that agents' referrals to Rocket Mortgage influenced the referrals they received from Rocket Homes. ECF No. 20, PageID.702-03. Defendants addressed these allegations under the "reciprocal referral" theory. ECF No. 14, PageID.625-26.

(N.D. Ohio Dec. 16, 2021) (monetary bonus). Plaintiffs attempt to distinguish the cases Defendants cite, but unlike the cases Plaintiffs rely upon, Defendants' cases actually concern a potential or possible benefit like those at issue here. *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 663-64 (8th Cir. 2012) ("possibility" of a benefit not a "thing of value"); *CFPB v. Borders & Borders, PLC*, 2018 WL 1440606, at *3 (W.D. Ky. Mar. 22, 2018) ("*potential* benefit" not a "thing of value").

**The Reciprocal Referral Theory Fails Too.** Plaintiffs argue that, despite the absence of any formal agreement, a "reciprocal referral" agreement was established through the course of conduct between Rocket Homes and third-party agents—specifically, Rocket Homes' alleged pressure on agents to refer clients to Rocket Mortgage. ECF No. 20, PageID.702-03. As Defendants explained in their opening brief, however, RESPA requires two culpable parties where both the payor and the recipient mutually understand that payment is being made in return for the referral of business. ECF No. 14, PageID.625-26. Rocket Homes' alleged one-sided "pressure" on agents is insufficient to establish the required bilateral "agreement or understanding." Plaintiffs do not distinguish, or even acknowledge, Defendants' authority on this point. Further, Plaintiffs do not respond to Defendants' argument that Plaintiffs have failed to allege any specifics as to the date, time, or amount of the alleged Section 8(a) violations under the "reciprocal referral" theory. ECF No. 14, PageID.625; ECF No. 20, PageID.702-04. This theory fails for that reason alone.

## III.   PLAINTIFFS FAIL TO STATE AN UNJUST ENRICHMENT CLAIM.

Plaintiffs argue that their unjust enrichment claims may not be dismissed because their mortgage contracts are not before the Court (without disputing Defendants' cases or citing any of their own), and that they are entitled to plead unjust enrichment in the alternative where the existence of an express agreement is in dispute. ECF No. 20, PageID.707. Both arguments fail because Plaintiffs' own allegations are unambiguously premised on the existence of their mortgage contracts. ECF No. 1, PageID.8-9 ¶¶ 9-11. Plaintiffs next contend that Defendants' benefits were unjust and that Defendants should disgorge their alleged ill-gotten gains. ECF No. 20, PageID.707. But Plaintiffs cite no authority or rationale for this assertion, and have no real response to Defendants' argument that the unjust enrichment claim should be dismissed as duplicative of the failed RESPA claim. ECF No. 20, PageID.707.[4]

## IV.   THE COMPLAINT STILL SUFFERS OTHER DEFECTS.

First, Plaintiffs concede Amrock Holdings' dismissal. ECF No. 20, PageID.708. Second, Plaintiffs' argument that "the individual defendants' roles are clearly identified" despite calling the Defendants as a group "Rocket" (*id.*, PageID.708-709) is belied by their own allegations (ECF No. 1, PageID.20-26 ¶¶

---

[4] Plaintiffs contend that nationwide standing for unjust enrichment under laws of states where Plaintiffs do not reside should be deferred. ECF No. 20, PageID.708. But courts in this Circuit routinely address standing to assert claims under foreign state laws at the outset of litigation, and the Court has all the information necessary to make that determination now. *See* ECF No. 14, PageID.613 n.2.

36-48). Third, Plaintiffs argue Rocket Companies is a proper defendant because it received "ill-gotten gains" (ECF No. 20, PageID.709), but they point to no allegation that Rocket Companies engaged in any purported RESPA violation, and cite only an allegation regarding Rocket Companies' corporate revenue (ECF No. 1, PageID.29 ¶ 51) and a single irrelevant case. *Chism v. Chemring N. Am. Grp., Inc.*, 2015 WL 8207899, at *4 (W.D. Tenn. Dec. 7, 2015) (declining to dismiss parent company that knowingly ignored safety hazards). Fourth, despite discussing their Redfin allegations for two pages, Plaintiffs fail to show those allegations are relevant given Plaintiffs closed their mortgages years before the Redfin acquisition. ECF No. 20, PageID.709-711; ECF No. 1, PageID.8-9 ¶¶ 9-11.

For all the reasons above, the Complaint should be dismissed with prejudice, and the Court should strike paragraphs 3, 24, 33, and 42-47.

Dated: May 18, 2026

Respectfully submitted,

/s/ *Sabrina Rose-Smith*
Sabrina Rose-Smith
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036
Tel.: (202) 346-4000

Richard M. Strassberg
Valerie A. Haggans
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800

*Attorneys for Defendants*

## LOCAL RULE CERTIFICATIONS

I, Sabrina Rose-Smith, certify that the foregoing complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).

*/s/ Sabrina Rose-Smith*
Sabrina Rose-Smith

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Michigan by using the CM/ECF system on **May 18, 2026**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **May 18, 2026**.

/s/ *Sabrina Rose-Smith*
Sabrina Rose-Smith

-2-