**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BARBARA WALLER, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ROCKET COMPANIES, INC., *et al.*,

Defendants.

Case No. 2:26-cv-10270-LVP-DRG

District Judge Linda V. Parker

Magistrate Judge David R. Grand

**PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On August 20, 2026, Defendants submitted a Notice of Supplemental Authority ("Notice") regarding the decision issued on July 27, 2026, in *Taylor v. Zillow Inc.*, *et al.*, No. 25-cv-01818 (W.D. Wash.), ECF No. 102. As set forth in Plaintiffs' Notice of Supplemental Authority (filed concurrently with this Response), Defendants filed their Notice more than three weeks after the decision was issued because, on that same day, a court in the Western District of Missouri denied a motion to dismiss Plaintiffs' RESPA claims on the same theory of liability as this case. *See Peyton v. Veterans United*, No. 26-cv-04039 (W.D. Mo.), ECF No. 49.

In addition, as detailed below, irrespective of plaintiffs' disagreement with the *Taylor* decision, *Taylor* is meaningfully distinguishable from this case.



011352-11/5104207 V1

***RESPA.*** The *Taylor* court's decision on the merits of the RESPA claims was limited to plaintiffs' standing. The court concluded that "Plaintiffs make no allegations that they paid out-of-pocket for any settlement services." ECF No. 24, Ex. A, at 18. In other words, the court determined that plaintiffs' complaint did not expressly allege that plaintiffs paid Zillow Home Loans ("ZHL") any fees at closing. Plaintiffs' amended complaint in *Taylor* cures this purported deficiency by expressly alleging the class representatives paid funds directly to ZHL at closing.[1]

*Taylor* did not otherwise address the merits of plaintiffs' RESPA claims, which present the same theory of liability as Plaintiffs offer here: in both cases, defendants allegedly required real estate agents to steer homebuyers to use defendants' mortgage providers in exchange for homebuyer leads. The question of whether these steering allegations violate RESPA remains unresolved by the *Taylor* court.

***Statute of Limitations.*** *Taylor* held that plaintiffs did not persuasively allege the class representatives exercised "due diligence" in investigating their claims such that the statute of limitations is tolled. *See* ECF No. 24, Ex. A, at 30. Plaintiffs respectfully disagree with this opinion, and Plaintiffs expressly allege in this case that the class representatives did not know, and reasonably could not have known,

---

[1] If necessary, Plaintiffs will amend the Complaint to expressly include these allegations in this case, as directed by the Court.

that Defendants "compelled [real estate agents] to steer clients to Rocket Mortgage in violation of federal law." *See* ECF No. 1, ¶ 9 (Plaintiff Waller); ¶ 10 (Plaintiff Johnson); ¶ 11 (Plaintiff Clark). And, unlike *Taylor*, this case involved a federal investigation by the U.S. Consumer Financial Protection Bureau, which filed a complaint against Defendants in December 2024, only to abandon it under the Trump administration two months later. *See id.* ¶¶ 21-22. The federal government's decision to abandon a complaint against a defendant would reasonably lead putative plaintiffs to believe that they did not have a claim, which tolls the statute of limitations. *See* Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Complaint, ECF No. 20 (citing *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (SOL tolled by government's determinations that claimants were ineligible for benefits)).

Lastly, Plaintiffs here allege Defendants engaged in a continuing violation of RESPA, which is an independent basis to toll the statute of limitations. *See* ECF No. 20, at 13 (citing *Blake v. JPMorgan Chase Bank, N.C.*, 259 F. Supp. 3d 249, 256-57 (E.D. Pa. Apr. 26, 2017) (discussing and adopting CFPB's decision that continuing violations toll the SOL)). The *Taylor* court did not consider this argument in its opinion.

DATED: August 21, 2026

Respectfully submitted,

*/s/ Steve W. Berman*

Steve W. Berman
Jerrod C. Patterson
Amna Amin
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
jerrodp@hbsslaw.com
amna.amin@hbsslaw.com

David J. Shea (P41399)
Ashley D. Shea (P82471)
Sarah K. Shea
**SHEA LAW, PLLC**
26100 American Dr., 2nd Foor
Southfield, MI 48034
Telephone: (248) 354-0224
david.shea@shealaw.com
ashley.shea@shealaw.com
sarah.shea@shealaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 21, 2026 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Steve W. Berman*
Steve W. Berman