**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| BARBARA WALLER, ELIZABETH JOHNSON, and RANDEL CLARK, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*<br><br>v.<br><br>ROCKET COMPANIES, INC., et al.,<br><br>*Defendants* | No. 2:26-cv-10270-LVP<br><br>Hon. Linda V. Parker<br>District Judge |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 27)**

Defendants Rocket Companies, Inc., Rocket Mortgage, LLC, Amrock Holdings, LLC, and Rocket Homes Real Estate LLC (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Response to Plaintiffs' Notice of Supplemental Authority (ECF No. 27, the "Notice") regarding *Peyton et al. v. Veterans United Home Loans*, No. 2:26-cv-4039 (W.D. Mo. Aug. 20, 2026). Read in full, *Peyton* supports Defendants' pending Motion to Dismiss Complaint and Strike Certain Paragraphs (ECF Nos. 14, 22) (the "Motion"), and Defendants respectfully request that the Court consider *Peyton* in its entirety in ruling upon the Motion.

***Standing***. *Peyton's* standing holding was grounded in individualized harm allegations that are absent here. In addition to general allegations about higher fees, in *Peyton*, "[e]ach Plaintiff allege[d] this harm ha[d] occurred to him or her in particular"; the complaint "allege[d] a specific difference between VUHL's [Veterans United Home Loans] pricing and the market"; and it "allege[d] that each Plaintiff's transaction with VUHL and his or her VUR [Veterans United Realty] agent contained an undisclosed requirement that the agent pay 35% of [his] commission to VUR, which inflated transaction costs." ECF No. 27-1, PageID.798. The *Waller* complaint contains nothing comparable. As set forth in the Motion, Plaintiffs allege only that consumers who participated in the referral network *generally* paid higher rates and fees. ECF No. 14, PageID.611-12; ECF No. 22, PageID.721. None of the three named plaintiffs alleges any overpayment, or even that they personally participated in the referral network. ECF No. 1, PageID.8-9.

***RESPA § 8(a)***. *Peyton* dismissed named plaintiff Jefferson's RESPA § 8(a) claim because she "only allege[d] that her real estate agent 'encouraged' her to use VUHL and did not present other options," and she "d[id] not allege that her real estate agent [] was affiliated with VUHL or VUR in any way, nor d[id] she allege that [her real estate agent] was required to pay part of their commission to VUR." ECF No. 27-1, PageID.806. *Peyton* concluded that "[w]ithout alleging some connection between [her real estate agent] and the alleged kickback scheme, Ms.

Jefferson fail[ed] to make her claim plausible." *Id*. The same is true of all three named plaintiffs in *Waller*. None of them alleges that their real estate agent was in the Rocket Homes network, was subject to the "Preserve and Protect" agreement, or was required to pay any portion of their commission to Rocket Homes. *See* ECF No. 1, PageID.8-9. By contrast, the *Peyton* plaintiffs who survived dismissal either pleaded the referral chain expressly, demonstrated their agents' pattern of closing with VUHL across multiple recent transactions, or specifically alleged that an identified agent "encouraged" the plaintiff to use VUHL while failing to "disclose that the agent was required to pay a portion of his or her commission back to VUR." ECF No. 27-1, PageID.805.

***Statute of Limitations***. *Peyton* dismissed as untimely the RESPA claims of every named plaintiff except those who closed on their home purchase within one year of the filing date. ECF No. 27-1, PageID.809-12. *Peyton* thus confirms what Defendants have already argued: the *Waller* named plaintiffs' claims are time-barred. *See* ECF No. 14, PageID.614-16; ECF No. 22, PageID.722-24. *Peyton* also rejected both tolling theories Plaintiffs advance here. On continuing violations, *Peyton* rejected the argument that "continual violations of RESPA toll the applicable statute of limitation because [t]he steering scheme has been continuous and ongoing." ECF No. 27-1, PageID.809 (internal quotations omitted). In doing so, *Peyton* held that the plaintiffs' cases—including *Blake v. JPMorgan Chase Bank,*

*N.A.*, 259 F. Supp. 3d 249 (E.D. Pa. 2017)— "are inapplicable because they involved recurring charges within a plaintiff's own ongoing loan," and that "[h]ere, by contrast, every charge at issue was imposed once — at closing." ECF No. 27-1, PageID.809-10. On fraudulent concealment (like *Taylor v. Zillow Inc., et al.*, No. 25-cv-01818 (W.D. Wash. Jul. 27, 2026), *see* ECF No. 24, PageID.736), *Peyton* held that plaintiffs "fail[ed] to describe any particular misconduct above and beyond the acts creating the alleged cause of action . . . that would justify tolling," and that "[a]llegations of nondisclosure do not" suffice. ECF No. 27-1, PageID.811. Plaintiffs' tolling theories and allegations in *Waller* are the same.

***Unjust enrichment.*** Finally, *Peyton* held (also like *Taylor*, ECF No. 24, PageID.735) that "[p]laintiffs ha[d] not adequately stated a claim for unjust enrichment because an express contract exists"—the same grounds Defendants advanced in the Motion. ECF No. 27-1, PageID.827; *see* ECF No. 14, PageID.626-28.

For the foregoing reasons, Defendants respectfully request that the Court consider *Peyton* in its entirety in ruling upon the pending Motion.

Dated: September 3, 2026

Respectfully submitted,

*/s/ Sabrina Rose-Smith*

Sabrina Rose-Smith
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036
Tel.: (202) 346-4000

Richard M. Strassberg
Valerie A. Haggans
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800

*Counsel for Defendants*

# LOCAL RULE CERTIFICATIONS

I, Sabrina Rose-Smith, certify that the foregoing complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).

*/s/ Sabrina Rose-Smith*
Sabrina Rose-Smith

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Michigan by using the CM/ECF system on September 3, 2026. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2026.

*/s/ Sabrina Rose-Smith*
Sabrina Rose-Smith